UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Brown, # 263009, | ) C/A No.: 9:12-2833-DCN-BM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Gregory T. Knowlin, Warden of Turbeville Correctional Institution; Alan Wilson, Attorney General for the State of South Carolina, | ) |
| Respondents. | ) |

Petitioner, a state prisoner proceeding *pro se*, has filed this matter seeking a "Rule to show cause, or in the Alternative to Grant this writ of Mandamus." Although the Petitioner has filed the above-captioned case in this Court, and has placed the words "IN THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF SOUTH CAROLINA" at the top of his pleading, his caption states that this matter is one filed in the Court of Common Pleas for the Fourteenth Judicial Circuit, a state court for the State of South Carolina.

He has filed the matter against state actors - the Warden of Turbeville Correctional, and the Attorney General of the State of South Carolina - seeking to be credited with "time served prior to his criminal trial." In the body of his pleading, he asks that the "presiding judge, for the fourteenth Judicial Circuit, intervene, swiftly, 'with all deliberate speed,' in the above-captioned case, where the matter can be entertained in the trial courts of this state based on the pleadings." Petitioner argues that the Writ should be granted based on



prosecutorial misconduct and because the lower court erred in not vacating the conviction and remanding for re-sentencing. Petitioner asserts the issues raised are not barred by *res judicata*. Petitioner challenges Hampton County convictions and sentences for criminal sexual conduct and burglary in the first degree, and Allendale County convictions and sentences for criminal sexual conduct, kidnapping, and burglary in the first degree. Petitioner alleges his trial counsel was ineffective, and claims he did not receive a fair trial because he is black and his victim is white. Petitioner further alleges his sentence was improperly enhanced. Petitioner asks this court to grant the Writ, vacate his sentence, and expunge his record. Petitioner attaches to his pleading, a copy of a Writ of Mandamus he filed in state court in December 2009.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* Petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a Petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*,

405 U.S. 319 (1972). When a federal court is evaluating a *pro se* Petition the Petitioner's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The relief which Petitioner has requested is in the nature of a mandamus action. Mandamus relief is available only when the Petitioner has a clear right to the relief sought. *In re First Fed. Sav. & Loan Ass'n*, 860 F.2d 135, 138 (4th Cir. 1988). Circuit precedents teach that a Writ of Mandamus is a drastic remedy and should be used only in extraordinary circumstances. *Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976); *United States v. Moussaoui*, 333 F.3d 509, 516-17 (4th Cir. 2003); *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987)("Courts are extremely reluctant to grant a writ of mandamus."); *In re Blackwater Sec. Consulting, L.L.C.*, 460 F.3d 576, 592 (4th Cir. 2006)(Mandamus is a drastic remedy to be used only in extraordinary circumstances, when "the petitioner has no other adequate means to obtain relief to which there is a clear and indisputable right.")(internal quotations and citation omitted). Furthermore, mandamus relief is not a substitute for appeal. *In re Catawba Indian Tribe*, 973 F.2d 1133, 1136 (4th Cir. 1992); *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). The Writ of Mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction.



*See* 28 U.S.C. § 1361; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969).

In *Gurley v. Superior Court of Mecklenburg County, supra*, a state prisoner sought a Writ of Mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court in *Gurley* denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a Writ of Mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's Petition were treated as an appeal from the district court's order denying the issuance of the Writ, the district court did not have authority to issue a Writ of Mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley v. Superior Court of Mecklenburg County, supra*, 411 F.2d at 587. Since the Respondents in the above-captioned case are state employees, the United States District Court for the District of South Carolina does not have jurisdiction to issue a Writ of Mandamus against them.

The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988). In *Davis v. Lansing*, the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. *See also Craigo v. Hey*, 624 F. Supp. 414 (S.D.W.Va. 1985). In *Craigo*, the district court concluded that the Petition for a Writ of Mandamus was frivolous,

within the meaning of 28 U.S.C. § 1915, under *Boyce v. Alizaduh, supra,* and *Todd v. Baskerville, supra,* and, therefore, was subject to summary dismissal. *Craigo v. Hey, supra,* 624 F. Supp. at 414. *Accord Van Sickle v. Holloway,* 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen,* 685 F. Supp. 478, 479 (1988) and *Robinson v. Illinois,* 752 F. Supp. 248, 248-249 & n. 1 (1990).

Petitioner asks this Court to direct the State Attorney General and the Warden of the Turbeville Correctional Institution to credit him with time served prior to his criminal trial, however, this court has no power to compel action over either of these state officials and is without jurisdiction to issue a Writ of Mandamus because it exercises no supervisory authority over either Respondent.

## RECOMMENDATION

It is therefore recommended that the District Court dismiss the Petition *without prejudice* and without issuance and service of process because this court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). *See also* Fed. R. Civ. P. 41(b), which provides that a dismissal for lack of jurisdiction is *not* deemed to be an adjudication on the merits.

Bristow Marchant
United States Magistrate Judge

November 14, 2012
Charleston, South Carolina

*The Petitioner's attention is directed to the important NOTICE on the following page.*



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

